## AFFIDAVIT

I, John F. Regan Jr., after being duly sworn, do depose and state:

1. I am a Criminal Investigator with the United States Attorney's Office - Criminal Investigations Unit for the District of Columbia (USAO-CIU-DC) and have been employed in that capacity since January 2004. From 1997 to January 2004, I was a member of the Washington, DC Metropolitan Police Department (MPD). While working for MPD, I served as a Seventh District Patrol Officer, a Third District Robbery Detective and as a Homicide Detective in the Violent Crimes Branch. As a Criminal Investigator for the USAO-CIU-DC, I conduct investigations involving possible violations of various criminal statutes in furtherance of cases being investigated by prosecutors in the United States District Court for the District of Columbia and District of Columbia Superior Court Criminal Divisions.

As a law enforcement officer I have received training and on-the-job experience in sex offense related crimes, as well as crime scene integrity and evidence recovery, to include training in computer related crimes. I have been involved in hundreds of investigations, most of which focus on violent crimes to include sex offense cases against minors, committed in the District of Columbia.

I have completed Investigator School and Death Investigator Class taught by MPD's Institute of Police Science. I have also completed the Criminal Investigator Training Program (CITP) taught at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA. I earned a Bachelor of Arts Degree in History with a concentration in Research Intelligence Analysis from Mercyhurst College in Erie, PA.

2. The facts and information contained in this affidavit are based on my personal

knowledge and observations, as well as upon information received from other individuals, to include other law enforcement officers who are assisting with this investigation, and my review of records and documents obtained during this investigation. In this case, I have also conferred with Investigator John Marsh of the USAO-CIU-DC. Marsh has been employed as a Criminal Investigator of the United States Attorney's Office since September 2003, and has had approximately 18 years law enforcement experience including reaching the rank of Detective Sergeant with the United States Park Police. Marsh has experience in vice-related investigations and has participated in over 2000 arrests. Marsh has gained expertise in the conduct of computer-based crime investigations through formal training and on-the-job training with more experienced agents. Marsh has been involved in investigations of violent crime, cyber-crime, including online enticement of minors, and child pornography.

This affidavit is being submitted for the limited purpose of obtaining an arrest warrant. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to charge David Webb with violations of Title 18, United States Code, Section 2252, titled "Certain activities relating to material involving the sexual exploitation of minors." For purposes of this request for an arrest warrant, child pornography is defined as indicated at 18 U.S.C. § 2256 (8) (A).

3. David Webb is described as a male, date of birth February 7, 1961, social security number 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 and resides at 117 Grant Street, Elkins, West Virginia.

4. This investigation began on January 25, 2006, during a computer training exercise at the American Prosecutors Research Institute in Dulles, Virginia. Investigator John Marsh of the USAO-CIU-DC was attending a class titled "Safety Net: Multi-Disciplinary Investigation and

Prosecution of Computer-Facilitated Child Sexual Exploitation." The computer exercise consisted of Marsh communicating with individuals in "Yahoo Messenger." To do this, Marsh created a profile in the Yahoo Messenger address book, portraying himself to be a 15 year-old boy using a screen name of "youngyflyerboy." Marsh communicated with individuals in this online "chat" using instant text messages (IM).

During one of these conversations, Marsh engaged in an IM conversation with an individual who used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiii." Marsh then received an email from an individual using the screen name "dick face." The sender's IM dialog with Marsh revealed that "dick face" and "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiii," were the same person. The IM dialogue then switched to the screen name "dick face," within the same ongoing chat. The sender apologized for the content of the screen name, saying he was upset with someone. Marsh then traced the Internet Protocol (IP) address from the sending node in the "dick face" email to the Clarksburg, East, Verizon Pool of (IP) addresses. These IP addresses are an assigned set of (IP) addresses covering Elkins, West Virginia. On February 22, 2006, Verizon confirmed that the IP address from which the January 25, 2006 email was sent belonged to subscriber David Webb, with an address of 117 Grant Street, Elkins, West Virginia.

The "dick face" messenger then indicated he would like to meet the "youngyflyerboy" and requested a phone number. Marsh responded that he could not take incoming calls due to a restriction placed by the "youngyflyerboy" parents. The "dickface" messenger then gave Marsh the telephone number (304) _____. On January 25, 2006, Marsh called the telephone number supplied. The subject who answered the call line identified himself as "Don." The subject said he was 37 years-old and lived in Elkins, West Virginia. On February 22, 2006, your affiant

learned from Verizon that this number was previously assigned to a Donald Brent Bushers Jr., but that on March 10, 2005, this number was re-assigned to subscriber David Webb at _

During the January 25, 2006, IM conversation, Webb asked Marsh if he was 15 years of age, indicating that Webb had looked at the "youngyflyerboy" profile in the Yahoo Messenger Address Book. Marsh informed Webb that he was actually 14 years old. The conversation quickly turned to sex and pictures. Webb then sent Marsh a series of nine images over the internet portraying young males naked. Some of the pictures depicted these young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.

5. On January 30, 2006, Investigator Marsh took the images received from Webb on January 25, 2006, to the National Center for Missing and Exploited Children (NCMEC) for analysis. The images were compared with NCMEC's Child Recognition & Identification System (CRIS). The analysis resulted in one of the images being identified as a known juvenile, (i.e. under age 18), in the database. This image bears the file name:

| | |
|---|---|
| /!!!!![Preteen Boys} - **cum ozzing out of his tight young hole(1).jpg** | This image depicts an older man's hands around the bent over buttocks of a young white male juvenile with the juvenile's anus visible and a white cream dripping from it. |

6. On February 15, 2006, your affiant assumed the "youngyflyerboy" profile. Your affiant engaged Webb in further IM conversation. During that IM conversation Webb electronically sent three pictures of what appeared to be a male masturbating and ejaculating. During the same IM conversation, Webb described a variety of lewd sex acts he would like to engage in with "youngyflyerboy." Your affiant conducted this IM conversation from a secure computer in the District of Columbia, and was sent the above-described pictures while in the District of

Columbia.

7. On February 16, 2006, Your affiant went online again posing as "youngyflyerboy." Your affiant engaged Webb in further IM conversation. During this IM conversation, Webb sent Your affiant over seventy pictures. Some of those pictures depicted young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256. During the IM conversation, Webb again described a variety of lewd sex acts he would like to engage in with "youngyflyerboy." Your affiant conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia.

8. On February 17, 2006, Your affiant delivered the pictures received on February 16, 2006, to the NCMEC for analysis using their CRIS. Eight images were identified as those of known juvenile victims of child abuse in the database. These images and their description are listed below:

| | |
|---|---|
| /021606/2 young boys 15yr jacking.jpg | This image depicts two white male juveniles rubbing their penises in unison while laying on their backs. |
| /021606/3 preteen boys with dildo.jpg | This image depicts a white male juvenile with genitals exposed atop a second white male juvenile with a third white male juvenile inserting a dildo into the first juvenile's anus. |
| /021606/2_2_Preteen Boys 08 (1).jpg<br>/021606/2_2_Preteen Boys 08.jpg<br>/2_2_Preteen Boys 08 (1).jpg<br>/2_2_Preteen Boys 08.jpg | This series of four photos depicts a white male juvenile providing fellatio to another white male juvenile. |
| /021606/[gay pict] (preteen) (ƒVƒ‡ƒ^) Preteen Nude Boys cum for pic.jpg<br>/[gay pict] (preteen) (ƒVƒ‡ƒ^)Preteen Nude Boys cum for pic.jpg | This series of two photos depicts two white male juveniles on their backs with their genitals exposed. |

9. On February 19, 2006, Your affiant went online under the profile "youngyflyerboy" again. Your affiant and Webb engaged in further IM conversation. During this conversation, Webb sent Your affiant approximately 17 pictures. Some of those pictures depicted young males engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256. Your affiant conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia.

10. On February 22, 2006, your affiant and Marsh, along with other members of the USAO-CIU-DC, and the West Virginia State Police Officers, and an agent from the Federal Bureau of Investigation executed a search warrant a̲_̲ ̲ ̲ ̲ During the execution of that warrant Investigator Marsh located a computer in Webb's bedroom which contained over 500 images of pre-teen pornography. This computer was the only working computer found at _̲ ̲ ̲ ̲ , West Virginia. This computer also contained the image described below, which was sent to "youngyflyerboy" on January 25, 2006.

| | |
|---|---|
| **/!!!!![Preteen Boys} - cum ozzing out of his tight young hole(1).jpg** | This image depicts an older man's hands around the bent over buttocks of a young white male juvenile with the juvenile's anus visible and a white cream dripping from it. |

As noted in paragraph 5 above, this image was compared with NCMEC's Child Recognition & Identification System (CRIS), and was identified as a known juvenile, (i.e. under age 18), in the database.

11. On February 22, 2006, USAO-CIU-DC Investigators David Reed and Christopher Brophy interviewed David Webb. Webb admitted ownership of the computer found in his bedroom, and stated that he uses a password to access the computer, and that no one else uses the

computer. Webb told the investigators that he used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiiii" to communicate with "youngyflyerboy." Webb also admitted that on at least two occasions he sent batches of images to "youngyflyerboy" which contained images of young children and adults. He stated that he has been downloading such images for years, and that he has thousands of such images saved on his hard drive.

Based on the aforementioned facts, your affiant respectfully submits that there is probable cause to believe that David Webb has violated Title 18, United States Code, Section 2252, titled "Certain activities relating to material involving the sexual exploitation of minors." In consideration of the foregoing, your affiant respectfully requests that the United States District Court issue an arrest warrant for David Webb.

_____
John Regan
Criminal Investigator
United States Attorney's Office
District of Columbia

Sworn and subscribed before me this _____ day of February 2006

FEB 2 3 2006

_____
United States Magistrate Judge
ALAN KAY
U.S. MAGISTRATE JUDGE