UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-87 (EGS) |
| v. | : | |
| DAVID WEBB | : | |

## MEMORANDUM REGARDING SPEEDY TRIAL ACT

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum regarding the defendant's right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (the "Speedy Trial Act").

### Background

The defendant in this matter was arrested in Elkins, West Virginia on February 23, 2006. On February 27, 2006, the defendant made his initial appearance in the United States District Court for the Northern District of West Virginia. At that appearance, the defendant waived his right to a preliminary hearing. On March 1, 2006, a pretrial detention hearing was held in West Virginia, and Magistrate Judge John S. Kaull ordered the defendant held pending trial, pursuant to 18 U.S.C. § 3141 *et seq.* Magistrate Judge Kaull also ordered the defendant committed to another district, namely the District of Columbia. On March 2, 2006, Magistrate Judge Kaull signed a Commitment Order, committing the defendant to the District of Columbia. On March 14, 2006, the defendant made his initial appearance before this Court. On April 6, 2006, an indictment was returned against the defendant, and on April 21, 2006, the defendant was arraigned on that indictment, which charged him with two counts of Transporting or Shipping

Material Involving Child Pornography, in violation of § 18 U.S.C. 2252A(a)(1) and 2256.  At the arraignment the defendant waived his rights pursuant to the Speedy Trial Act until the May 23, 2006 status hearing, thus excluding an additional thirty-three days.  However, in response to the Court's inquiry, the defendant raised a concern about his rights under the Speedy Trial Act, and this Court asked the parties to file submissions outlining their speedy trial computations.

**Argument**

The Speedy Trial Act requires the  trial of a "detained person who is being held in detention solely because he is awaiting trial," 18 U.S.C. § 3164(a), to "commence not later than ninety days following the beginning of such continuous detention."  18 U.S.C. § 3164(b).  Certain periods of delay are excluded "in computing the time within which the trial . . . must commence."  Id. at 3161(h).  Among the periods of excludable delay are delays "resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date of the order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."  18 U.S.C. § 3161(h)(1)(H).  This means that section 3161(h)(1)(H) excludes at the most ten days in relation to the transportation of a defendant to the district of prosecution.  United States v. Feurtado, 191 F.3d 420, 426 (4th Cir. 1999) cert. denied, 120 S. Ct. 1840 (2000).

As noted above, the defendant was arrested in West Virginia on February 23, 2006, and was subsequently removed to the District of Columbia.  It took the United States Marshal's Service more then ten days to bring the defendant to this district, but pursuant to 18 U.S.C. 3161(h)(1)(H), the first ten days remain excludable.  Furthermore, two additional days are excludable: the day of the defendant's initial appearance and the day of the defendant's detention

hearing. 18 U.S.C. § 3161(h) provides periods of excludable delay which apply to the 30-day arrest to indictment period. See United States v. Salgado, 250 F.3d 438, 454 n.2 (6th Cir. 2001) (dicta) (excluding from 30-day period days of initial appearance and detention hearing); United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993) (excluding from 30-day period 2 days on which initial appearance, government's motion for detention hearing, and detention hearing occurred).

Based on the aforementioned statutes and cases, the following should be excluded from the computation of the defendant's speedy trial date: one day for the defendant's initial appearance in West Virginia; one day for the defendant's detention hearing in West Virginia; ten days for the time it took for the United States Marshal's Service to transfer the defendant from West Virginia to the District of Columbia; and thirty-three days for the time the defendant waived at his April 21, 2006 arraignment.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
(202)616-3384; Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 5th day of May, 2006.

                                                                     _____
                                                                     Catherine Connelly
                                                                     Assistant United States Attorney