UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-87 (EGS) |
| | : | |
| v. | : | |
| | : | |
| DAVID WEBB | : | |
| | : | |

FILED

JUN 28 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR
THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

  A.  The essential elements of the offense of Transporting or Shipping Material Involving Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and 2256 are:

   i.  That the Defendant knowingly transported, shipped, or mailed, including by computer, in interstate or foreign commerce, an item or items of child pornography, and

   ii.  That at the time of such transportation, shipment, or mailing, including by computer, the Defendant believed that such items constituted or contained child pornography.

  B.  The essential elements of the offense of Possession of Material Involving Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5) and 2256 are:

   i.  That the Defendant knowingly received or possessed an item or items of

1

        child pornography, and

  ii.    That such item[s] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer.

C.    Definitions:

  i.    The term *child pornography* means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct or such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

  ii.    The term *minor* means any person under the age of eighteen (18) years.

  iii.    The term *identifiable minor* means a person who was a minor at the time the visual depiction was created, adapted, or modified or whose image as a minor was used in creating, adapting or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.

  iv.    The term *visual depiction* includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

2

II.    COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES:

A.    Pursuant to 18 United States Code § 2252A, Transporting or Shipping Material Involving Child Pornography carries a minimum sentence of 5 years imprisonment and a maximum sentence of 20 years imprisonment.

B.    Pursuant to 18 United States Code § 2252A(b)(2), Possession of Material Involving Child Pornography carries a maximum sentence of 10 years imprisonment.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On January 25, 2006, United States Attorney's Office Criminal Investigator John Marsh was attending a class in Dulles, Virginia, titled "Safety Net: Multi-Disciplinary Investigation and Prosecution of Computer-Facilitated Child Sexual Exploitation." Part of the class consisted of Marsh communicating with individuals in "Yahoo Messenger." To do this, Marsh created a profile in the Yahoo Messenger address book, portraying himself to be a 15 year-old boy using a screen name of "youngyflyerboy." Marsh communicated with individuals in this online "chat" using instant text messages (IM).

During one of these conversations, Marsh engaged in an IM conversation with an individual who used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiiii." Marsh then received an email from an individual using the screen name "dick face." The sender's IM dialogue with Marsh

3

revealed that "dick face" and "xdbiiiiiiiiiiiiiiiiiiiiiiiiiiiii," were the same person. The IM dialogue then switched to the screen name "dick face," within the same ongoing chat. The IP address from which the January 25, 2006 email was sent belonged to subscriber David Webb, with an address of 117 Grant Street, Elkins, West Virginia.

Webb, while using the "dick face" handle, indicated he would like to meet the "youngyflyerboy" and requested a phone number. Marsh responded that he could not take incoming calls due to a restriction placed by "youngyflyerboy's" parents. Webb then gave Marsh the telephone number (304) 636-5938. On January 25, 2006, Marsh called the telephone number supplied. Webb answered the phone, and identified himself as a 37 year-old who lived in Elkins, West Virginia.

During the January 25, 2006 IM conversation, Webb asked Marsh if he was 15 years of age, indicating that Webb had looked at the "youngyflyerboy" profile in the Yahoo Messenger Address Book. Marsh informed Webb that he was actually 14 years old. The conversation quickly turned to sex and pictures. Webb then sent Marsh a series of nine images over the internet portraying naked young males. Some of the pictures depicted these young males engaged in sexually explicit conduct. Webb sent these images from his home at 117 Grant Street, Elkins, West Virginia, to Marsh in Dulles, Virginia.

The images received from Webb on January 25, 2006, were taken to the National Center for Missing and Exploited Children (NCMEC), where they were compared with NCMEC's Child Recognition & Identification System (CRIS). The analysis resulted in one of the images being identified as a known minor, (i.e. under age 18). This image bears the file name: **/!!!!![Preteen Boys} - cum ozzing out of his tight young hole(1).jpg.** This image depicts an older man's

hands around the bent over buttocks of a young white male minor with the minor's anus visible and a white cream dripping from it.

On February 15, 2006, United States Attorneys Office Criminal Investigator John Regan assumed the "youngyflyerboy" profile. On that day Webb engaged in further IM conversation with "youngyflyerboy." During that IM conversation Webb electronically sent three pictures of what appeared to be a male masturbating and ejaculating. During the same IM conversation, Webb described a variety of lewd sex acts he would like to engage in with "youngyflyerboy." Regan conducted this IM conversation from a secure computer in the District of Columbia, and was sent the above-described pictures while in the District of Columbia. Webb sent these images from his home at 117 Grant Street, Elkins, West Virginia.

On February 16, 2006, Regan went online again posing as "youngyflyerboy." Webb engaged "youngyflyerboy" in further IM conversation. During this IM conversation, Webb sent "youngyflyerboy" over seventy pictures. Some of those pictures depicted young males engaged in sexually explicit conduct. During the IM conversation, Webb again described a variety of lewd sex acts he would like to engage in with "youngyflyerboy." Regan conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia. Webb sent these images from his home at 117 Grant Street, Elkins, West Virginia.

The images received from Webb on February 16, 2006, were taken to NCMEC, where they were compared with NCMEC's CRIS. Eight images were identified as those of known minor victims of child abuse. These images and their description are as follows: /021606/2 **young boys 15yr jacking.jpg**: this image depicts two white male minors rubbing their penises in

unison while laying on their backs; /021606/3 **preteen boys with dildo.jpg**: this image depicts a white male minor with genitals exposed atop a second white male minor with a third white male minor inserting a dildo into the first minor's anus; /021606/**2_2_Preteen Boys 08 (1).jpg**; **/2_2_Preteen Boys 08 (1).jpg**; /021606/**2_2_Preteen Boys 08.jpg**; **/2_2_Preteen Boys 08.jpg**: this series of four photos depicts a white male minor providing fellatio to another white male minor; /021606/**[gay pict] (preteen) (ƒVƒ‡ƒ^) Preteen Nude Boys cum for pic.jpg**; **/[gay pict] (preteen) (ƒVƒ‡ƒ^)Preteen Nude Boys cum for pic.jpg**: this series of two photos depicts two white male minors on their backs with their genitals exposed.

On February 19, 2006, Regan went online under the profile "youngyflyerboy" again, and again engaged with Webb in further IM conversation. During this conversation, Webb sent "youngyflyerboy" approximately 17 pictures. Some of those pictures depicted young males engaged in sexually explicit conduct. Regan conducted this IM conversation from a secure computer in the District of Columbia and was sent the above-described pictures while in the District of Columbia. Webb sent these images from his home at 117 Grant Street, Elkins, West Virginia.

On February 22, 2006, Investigators Regan and Marsh, along with other members of the United States Attorney's Office Criminal Investigation Unit, West Virginia State Police Officers, and an agent from the Federal Bureau of Investigation executed a search warrant at 117 Grant Street, Elkins, West Virginia. During the execution of that warrant, Investigator Marsh located computers and storage media in Webb's bedroom which contained over 500 images of child pornography, including several videos and/or video clips. This computer station consisted of two computers, and was located in Webb's bedroom. It was the only operable computer station in

117 Grant Street, Elkins, West Virginia.

The images found on Webb's computer and hard drives on February 22, 2006, were taken to NCMEC, where they were compared with NCMEC's CRIS. Ninety-six images were identified as those of known minor victims of child abuse. Furthermore, one video file was identified as containing known minor victims of child abuse.

On February 22, 2006, United States Attorney's Office Criminal Investigators David Reid and Christopher Brophy interviewed David Webb. Webb admitted ownership of the computers and the storage media found in his bedroom, and stated that he uses a password to access the computer, and that no one else uses the computer. Webb told the investigators that he used the screen name "xdbiiiiiiiiiiiiiiiiiiiiiiiiii" to communicate with "youngyflyerboy." Webb also admitted that on at least two occasions he sent batches of images to "youngyflyerboy" which contained images of young children and adults. He stated that he has been downloading such images for years, and that he has thousands of such images saved on his hard drives. Webb also told investigators that he used the internet to communicate with other juvenile males, and he characterized himself as a counselor to the juveniles' in regards to their questions of sexuality.

<u>Limited Nature of Proffer</u>

This proffer of evidence is not intended to constitute a complete statement of all facts known by David Webb or the government, but is instead a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The facts either were provided by Webb or were otherwise known to the government. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for Webb's plea of guilty.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
Catherine K. Connelly
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20001

<u>DEFENDANT'S ACCEPTANCE</u>

I have read the above proffer and have discussed it with my attorney, David Bos, Esquire. I fully understand the proffer and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully. I am pleading guilty because I am in fact guilty of the offenses describe above.

Date: 6-28-06

_____
David Webb
Defendant